IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JUNIUS J. JOYNER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-357 |
| | ) |
| EMILY B. REDMAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

The parties to this case are a formerly married couple. They divorced in 2010 and have since been embroiled in legal disputes over the care and custody of their children. On March 24, 2021, Plaintiff filed the present case against his ex-wife, Defendant Redman. The Complaint asserts many grievances against Defendant, particularly with reference to the parties' children, their custody agreement, and their divorce decree. Plaintiff claims that Defendant's actions violate 42 U.S.C. § 1983 by depriving Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment. The Complaint also claims intentional infliction of emotional distress as a second cause

of action and petitions the Court to modify the child custody decree from the Circuit Court of Prince William County.

Plaintiff has also twice moved this Court to remove pending custody-related actions from the Circuit Court to the Eastern District of Virginia. The Court has twice denied these motions as procedurally improper and not in accordance with 28 U.S.C. § 1446.

Defendant filed the present Motion on April 20, 2021. The Motion asks the Court to dismiss this case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and also for failure to state a claim, pursuant to Rule 12(b)(6).

A court should dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original).

Although a court considering a motion to dismiss must accept all well-pleaded factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff's § 1983 claim is an example of a "wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999).

Plaintiff has not established that Defendant acted under color of state law, a prerequisite for liability under § 1983. Section 1983 requires a plaintiff show that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As Plaintiff alleges a violation of the Fourteenth Amendment, he must also show state action. See Blum v. Yaretsky, 457 U.S. 991, 1002-03 (1982).

> "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a

3

> rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"

Id. at 50 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Defendant is not a state actor. The Complaint alleges that Defendant acted "in concert with the Circuit Court." This assertion is insufficient as a matter of law because it is not backed by any factual allegations to show its plausibility. The Complaint states that Defendant successfully petitioned the Court for certain orders. The conclusion that Defendant acted in concert with a state actor because she succeeded on the merits of her claims is not a plausible allegation. Plaintiff has not alleged that Defendant acted under color of state law, so his § 1983 claim must be dismissed for failure to state a claim.

Plaintiff bears the burden to demonstrate federal jurisdiction over his claims. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999). The Complaint asserts that the Court has supplemental federal jurisdiction over Plaintiff's intentional infliction of emotional distress claim and petition to modify custody because it has jurisdiction over Plaintiff's § 1983 claim. Without the § 1983 claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining

4

causes of action. Plaintiff's second and third causes of action are thus dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, Plaintiff's § 1983 claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim for intentional infliction of emotional distress and petition to modify custody are dismissed pursuant to Rule 12(b)(1). An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June _11_, 2021

5